UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARRIN STEPHENS, | Case No. 2:25-cv-02246-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| MADE TO ORDER and RED PROMOTIONS, | |
| Defendants. | |

Plaintiff is appearing in this action *pro se* and has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a Complaint attached to his *in forma pauperis* application. ECF No. 1-1

**I.    *In Forma Pauperis* Application**

Plaintiff's application to proceed *in forma pauperis* is complete and demonstrates an inability to prepay filing fees and costs or give security for the same. Thus, Plaintiff is granted *in forma pauperis* status under 28 U.S.C. § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Complaint**

In his Complaint, Plaintiff generally alleges a violation of Title VII of the 1964 Civil Rights Act. However, Plaintiff's Complaint fails to state a cognizable claim. While Plaintiff attaches an August 15, 2025 Right to Sue letter to his Complaint, demonstrating he initiated his claim within 90 days of receipt of the letter (ECF No. 1-2 at 1), Plaintiff does not state what claims he brought to the EEOC or Nevada Equal Rights Commission thereby failing to demonstrate what claims he may bring before the Court. *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies."). As explained in *Stache v. International Union of Bricklayers,* 852 F.2d 1231, 1233 (9th Cir. 1988), *cert. denied,* 493 U.S. 815 (1989) filing a charge of discrimination is a condition precedent to bringing an action in federal court. Further, the federal courts will consider only those claims that are like or reasonably related to the allegations in the charge. *Id.* at 1234.

Moreover, Plaintiff's facts, even when liberally construed, do not allege a *prima facie* case of discrimination in violation of Title VII sufficient to survive a § 1915 screening. To state a *prima facie* claim of discrimination, Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; (c) he was subjected to an adverse employment action;

1  and (d) similarly situated employees not in his protected class received more favorable treatment.
2  *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014)
3  (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)).

4  The absence of any information regarding the contents of Plaintiff's Charge of
5  Discrimination is fatal to his current claims.  Further, Plaintiff fails to identify the protected classes
6  to which he belongs and on which he sues.  Ultimately, Plaintiff fails to allege facts necessary to
7  establish a *prima facie* claim of discrimination.  Thus, the Court finds Plaintiff's Complaint cannot
8  proceed as currently pleaded; however, leave to amend is granted below.

9  **IV.   ORDER**

10  IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma*
11  *Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.
12  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas
13  or other costs associated with discovery.

14  IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF
15  No. 1-1) on the docket.

16  IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice, but
17  with leave to amend.  If Plaintiff so chooses, he may file an amended complaint no later than
18  **December 22, 2025**.  If Plaintiff files an amended complaint, it must be titled "AMENDED
19  COMPLAINT."

20  Plaintiff's amended complaint, if filed, must include all claims on which he seeks to proceed.
21  The amended complaint must include facts demonstrating he filed a Charge of Discrimination
22  against each Defendant named in his Complaint.  Plaintiff must also allege sufficient facts
23  establishing one or more violation of Title VII.  Plaintiff must identify the protected class or classes
24  to which he belongs, what conduct about which he complains was allegedly prompted by
25  discriminatory hostility toward that class, and how he was treated differently than individuals outside
26  his protected class.  In sum, Plaintiff's statement of facts must include sufficient facts to support a

27

28

claim or discrimination based on his sex, race, color, religion or national origin, which are the protected characteristics under Title VII.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation to dismiss this action in its entirety, without prejudice.

DATED this 19th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4