UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARRIN STEPHENS,<br><br>  Plaintiff,<br><br>  v.<br><br>MADE TO ORDER, INC. and RED PROMOTIONS, INC.,<br><br>  Defendants. | Case No. 2:25-cv-02246-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). ECF No. 7. Plaintiff was granted permission to proceed *in forma pauperis* on November 19, 2025. ECF No. 4. The Court screens the FAC under the same standard as stated in the original screening Order. *Id*.

**I.  Plaintiff's Complaint**

   a.   <u>The Court Recommends Dismissal of Plaintiff's Age and Potential Disability Discrimination Claims</u>.

Among other claims raised in the FAC, Plaintiff appears to assert a claim under the Age Discrimination in Employment Act,[1] and, at least potentially, a claim under the Americans with Disabilities Act.[2] Plaintiff attaches nothing to his FAC. As explained in the original screening Order, failure to state what claims Plaintiff brought to the EEOC or Nevada Equal Rights Commission ("NERC") precludes an informed determination of what claims Plaintiff may bring before the Court. *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies."). As

---

[1]  To state a *prima facie* claim of age discrimination, a plaintiff must plead he is at least 40 years old, he was performing his job adequately, and he was replaced by a substantially younger employee with equal or inferior qualifications. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-42 (2000).

[2]  Plaintiff alleges he was at home recovering from a head or back injury and told his supervisor he needed a day off because of the injury. Plaintiff does not state whether this injury was work related or otherwise provide information regarding the extent or permanency of the injury. ECF No. 7 at 2. Further, while the Court finds Plaintiff is alleging he was terminated, he fails to provide coherent facts tying his termination to his injury or his request for a day off. *Id*. To state a prima facie discriminatory termination claim under the ADA against Made to Order, Plaintiff must allege facts demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual; and (3) this Defendant terminated him because of his disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996).

explained in *Stache v. International Union of Bricklayers*, 852 F.2d 1231, 1233 (9th Cir. 1988), *cert. denied*, 493 U.S. 815 (1989), filing a charge of discrimination is a condition precedent to bringing an action in federal court. The federal courts will consider only those claims that are like or reasonably related to the allegations in the charge. *Id.* at 1234. In the absence of information regarding what violations of federal and or state discrimination law Plaintiff brought before the EEOC or NERC, Plaintiff cannot proceed on his age or disability discrimination claims. *See Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted) (requiring exhaustion for age based discrimination claims); 42 U.S.C. § 12117(a) (establishing exhaustion requirements for disability discrimination claims).

Plaintiff was given the opportunity to demonstrate exhaustion of his administrative remedies (*see* ECF No. 4), but he fails to do so. *See* ECF No. 7. The Court grants Plaintiff **one** additional opportunity to state what claims he brought before the EEOC or NERC (he may do so by providing a copy of his Charge of Discrimination <u>and</u> his Right to Sue Letter). Plaintiff must also plead facts supporting the elements of each claim describing how Defendants' actions violated his rights.

    b. <u>Plaintiff Fails to State a Tortious/Public Policy Discharge Claim</u>.

To the extent Plaintiff seeks to bring a claim alleging a tortious or public policy discharge, he fails to do so. An employer who terminates employment "by means which are deemed to be contrary to the public policy of this state [Nevada]" is liable in tort to the employee for tortious discharge. *D'Angelo v. Gardner*, 819 P.2d 206, 216 (Nev. 1991). This exception to the at-will employment rule is "a narrow one" requiring the employee to prove the dismissal was "based upon the employee's refusing to engage in conduct that was violative of public policy or upon the employee's engaging in conduct which public policy favors …." *Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995). Nevada recognizes tortious discharge for firing an employee for seeking worker compensation benefits. *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984).

Here, Plaintiff fails to allege that he sought access to worker's compensation coverage or otherwise engaged in conduct related to seeking such benefits. Plaintiff does not even allege he

suffered a work related injury. Instead, Plaintiff only claims he was at home recovering from an injury. Thus, Plaintiff fails to allege facts supporting an essential element of a public policy/tortious discharge claim.

Further, to the extent Plaintiff seeks to base this claim on age or disability discrimination he cannot do so. The Nevada Supreme Court holds that discrimination under federal and state laws do not warrant the extension of the public policy exception to the "at-will" employment doctrine. *Chavez v. Sievers*, 43 P.3d 1022, 1025-26 (Nev. 2002); *Sands Regent v. Valgardson*, 777 P.2d 898, 899-90 (Nev. 1989).

The Court dismisses Plaintiff's public policy/tortious discharge claim as presently pleaded without prejudice and with leave to amend. Plaintiff's amended complaint must plead facts that demonstrate he suffered a work related injury, he engaged in protected activity by seeking to exercise his worker's compensation rights, and he was terminated because of that activity.

        c.    <u>Plaintiff's Alleged Employee Stock Ownership Plan ("ESOP") Allegations</u>.

Plaintiff's allegations regarding his ESOP is so vague the Court cannot discern a cause of action. The Employee Retirement Income Security Act ("ERISA") allows a "participant" in an employee benefit plan to bring a civil action to enforce his rights under the terms of the plan or to enforce the provisions of ERISA. *McBride v. PLM Intern, Inc.*, 179 F.3d 737, 742 (9th Cir. 1999). Generally, a party bringing an ESOP claim must exhaust plan administrative remedies before coming to the Court. *See Roderick v. Mazzetti & Associates, Inc*, Case No. C 04-2436-MHP, 2004 WL 2554453, at *4 (N.D. Cal. Nov. 9, 2024) (discussing exhaustion of remedies that may be required by the ESOP plan).

Moreover, if, as alleged, Plaintiff is a former employee, whether he can bring his claim at all (that is, if he has standing to bring a claim) is based on the timing of the suit. *McBride*, 179 F.3d at 743 (internal citation omitted). And, if Plaintiff was a "participant" in the ESOP at the time of his discharge, and his claim is one of retaliation, the claim could fall within the scope of protection afforded by the whistleblower provision of ERISA. *Id.*

Here, all in all, the Court cannot identify what, if any, claim Plaintiff seeks to bring arising from violation of some right under his ESOP plan. The Court cannot supply essential elements of a

3

claim that were not initially pled—even in the context of a *pro se* plaintiff. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although the Federal Rules of Civil Procedure are very liberal as to pleading where a plaintiff is proceeding *pro se,* even a *pro se* complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the asserted cause of action. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Accordingly, this claim is dismissed without prejudice and with leave to amend.

d. <u>Plaintiff States no Claim Based on Raising a Pay Issue</u>.

In a few sentences, Plaintiff states he "raised a pay issue before the termination" and "[a] newer worker made more money than" he did. Plaintiff claims he told his employer he "might take the issue higher." ECF No. 7 at 2. The Court does not know under what legal theory Plaintiff seeks to raise this claim. Again, the Court does not supply the essential elements of a claim not initially pled. *Richards*, 864 F.2d at 88; *Ivey*, 673 F.2d at 268.

Plaintiff is granted one opportunity to amend this claim identifying the legal basis for his claim, pleading facts and identifying defendants who allegedly engaged in conduct that give rise to that claim.

**II.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint (ECF No. 7) is dismissed without prejudice and with leave to amend. If Plaintiff so chooses, he may file a second amended complaint no later than **January 5, 2026**. If Plaintiff files an amended complaint, it must be titled "SECOND AMENDED COMPLAINT." Plaintiff's second amended complaint, if filed, must include all facts upon which the claims asserted are based. Plaintiff must tie those facts to specific causes of action ensuring he alleges facts that state all elements of each claim as identified above. Plaintiff must identify the wrongful conduct engaged in, who allegedly engaged in such conduct, and how that conducted violated an identifiable right.

IT IS FURTHER ORDERED that failure to comply with this Order will result in a recommendation to dismiss this action in its entirety, without prejudice.

DATED this 9th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE