UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DARRIN STEPHENS,

    Plaintiff,

    v.

MADE TO ORDER, INC. and RED PROMOTIONS, INC.,

    Defendants.

Case No. 2:25-cv-02246-RFB-EJY

**ORDER**

Before the Court is Plaintiff's Second Amended Complaint ("SAC"). ECF No. 9. The SAC removes Plaintiff's age and disability based claims, as well as his ESOP and tortious discharge claims. *Id*. at 4. Plaintiff SAC demonstrates exhaustion of administrative remedies regarding his sex discrimination and retaliation claims on which he seeks to proceed. *Id*. at 5; 9-1. The Court screens the SAC under the same standard as stated in its two prior screening Orders.

**I.      Plaintiff's Complaint**

Plaintiff alleges he was hired in March 2022 as a temporary Warehouse Associate, he performed his job satisfactorily, he was converted to a permanent status employee in July 2022, a female comparator—hired after he was—performed the same work Plaintiff did, and that female coworker was paid more than he was. ECF No. 9 at 5-6. Plaintiff states he reported the pay disparity to his supervisor, and spoke to his female coworker about his intent to complain to upper management. *Id*. at 7. Plaintiff's coworker is alleged to have responded that she did not want to talk to Plaintiff because she was afraid of getting fired. *Id*. Plaintiff identifies these allegations as stating violation of Title VII and as engaging in protected activity. *Id*.

Plaintiff separately alleges that before he made his complaint about unequal pay, there was a conversation in which his female coworker criticized President Trump, to which he responded neutrally. *Id*. at 8. Plaintiff contends the female coworker recounted the conversation to another female employee saying Plaintiff stated "women don't have rights." *Id*. Plaintiff says this incident was not investigated. *Id*.

1

Next Plaintiff alleges that approximately five days after he complained about sex-based pay discrimination, he was fired for alleged misconduct relating to a political conference and remarks about his supervisor's sexual orientation. *Id*. at 9-10. Plaintiff says Defendant has shifted the basis for his termination from the original misconduct reason to contending Plaintiff "lacked the skills to perform his job." *Id*. at 12 (internal quotation marks omitted).

**II.     Discussion**

To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (a) he belongs to a protected class; (b) he satisfactorily performed his job; (c) he was subjected to an adverse employment action; and (d) a similarly situated employee not in his protected class received more favorable treatment.    *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Although a  Title VII retaliation claim must ultimately be proven "according to traditional principles of but-for causation," *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013), retaliation claims are analyzed at this state of the proceedings under a *McDonald Douglas* burden-shifting framework. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir. 2000). "To make out a *prima facie* case of retaliation, Complainant must show that "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Id*. (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)). Minimal proof is required to establish a *prima facie* case. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

Plaintiff's SAC pleads ncludes factual allegations sufficient to state facially valid prima facie claims of sex discrimination and retaliation. Plaintiff says, he performed his job satisfactorily, that a similarly situated woman was paid more than he was, and that after complaining about this different treatment, he was terminated. Plaintiff further pleads he engaged in protected activity when he complained about the differential treatment and was terminated soon thereafter. Plaintiff alleges Defendant's shifting reasons for terminating him demonstrate pretext and a causal link between his protected activity and termination. These allegations, summarized by the Court, are sufficient to allow Plaintiff's SAC to proceed.

## III.   ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Second Amended Complaint alleging sex discrimination and retaliation under Title VII of the 1964 Civil Rights Act may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff two USM-285 forms, which Plaintiff must complete to the best of his ability and return **no later than March 3, 2026** to:

> Marshal Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for Made to Order, Inc. and Red Promotions, Inc.'s registered agent upon which the Second Amended Complaint must be served.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue a summons for Made to Order, Inc. and  Red Promotions, Inc. and deliver the same, together with one copy of Plaintiff's Second Amended Complaint (ECF No. 9) and a copy of this Order, to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service on Made to Order, Inc. and  Red Promotions, Inc. no later than twenty-one (21) days after it receives the USM-285 forms from Plaintiff, and summonses, Second Amended Complaint, and a copy of this Order from the Clerk of Court.  The summonses, Second Amended Complaint, and this Order must be served together on each Defendant.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with this Order will result in a recommendation to dismiss this action in its entirety, without prejudice.

DATED this 11th day of February, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3