**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darrin Stephens,

Plaintiff(s),

v.

Made To Order, Inc., et al.,

Defendant(s).

Case No. 2:25-cv-02246-RFB-NJK

**ORDER**

[Docket No. 32]

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 32.[1]

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[2] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). Representations of an inability to retain counsel, as well as circumstances common to *pro se* parties, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. *Cf. Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, No. 22-cv-01796-LK, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, No. C21-5613JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

This case involves claims that Plaintiff was paid less than a female counterpart and suffered retaliation. *See, e.g.*, Docket No. 10. The case does not appear to be complex. Moreover, Plaintiff has thus far shown sufficient ability to articulate claims and arguments without the assistance of counsel.[3] While Plaintiff has stated colorable claims sufficiently to proceed past the pleading stage, Plaintiff has not yet demonstrated that evidence shows a likelihood of success on the merits of that claim. *Cf. Hucker v. Daub*, No. 21-cv-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (collecting cases that stating a colorable claim is not, standing alone, sufficient to demonstrate a likelihood of success on the merits).

Accordingly, the motion to appoint counsel is **DENIED**.

IT IS SO ORDERED.

Dated: July 28, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] Indeed, the motion for appointment of counsel is itself well-articulated. *See* Docket No. 32.